FILED

2008 Apr-29  AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CONTROL & POWER, INC.,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-07-BE-2349-S** |
| | ] | |
| **CUMBERLAND VALVE &** | ] | |
| **COMPANY, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

**MEMORDANDUM OPINION**

This case comes before the court on Defendants' motion to dismiss (doc. 4).  For the reasons stated below, the motion is due to be GRANTED IN PART and DENIED IN PART.  Specifically, the court will DISMISS Counts 1 and 2, but will DENY the motion as to Count 3.

**I.  BACKGROUND**

On November 29, 2007, Plaintiff Control & Power, Inc. ("CPI") filed a three-page complaint in the Circuit Court of Jefferson County, Alabama.  Plaintiff named as Defendants Cumberland Valve & Fitting Company (erroneously named as "Cumberland Valve & Company"), "a company . . . providing products including valves and fittings to nuclear plants located in Alabama;" and Steve and Marilyn Pendleton, representatives and owners of Cumberland Valve.  CPI alleges that it and Cumberland Valve entered into an agreement on March 11, 1999, "as agents and commissioned sales representatives of Parker-Hannifin to coordinated [*sic*] sales of valves and fittings to a nuclear plant owned and operated by TVA in Alabama."  CPI alleges that Cumberland and the Pendletons failed to pay commissions as provided in the agreement.

Relying on these allegations, CPI attempts to bring three causes of action:

Count 1: Failure to pay sales commissions in violation of Ala. Code § 8-24-1 and treble damages pursuant to Ala. Code § 8-24-3.

Count 2: Fraud against the Pendletons for "deliberately mislead[ing] and misinform[ing] CPI of the sales commissions due, . . . not being forthright in the amount of product sold to TVA under the agreement," and "intentionally mislead[ing] CPI about pricing in a letter dated December 2, 2005."

Count 3: Conversion of funds due as sales commissions.

Defendants now move to dismiss Counts 1 and 3 for failure to state claims upon which relief may be granted; and Count 2 for failure to plead fraud with particularity. The primary theme of Plaintiff's brief in opposition is that, under the Alabama Rules of Civil Procedure, Defendants' motion cannot be granted unless the court concludes beyond doubt that Plaintiff can prove "no set of facts" entitling it to relief. This case is no longer in Alabama state court, and the United States Supreme Court has indicated that the "no set of facts" language is "best forgotten" when applying the Federal Rules. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). The court, therefore, will apply the appropriate standard of review after *Twombly*.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a). A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Twombly*, 127 S. Ct. at 1964-65 (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required elements.

-2-

*Id.* at 1965.  The standard is one of "plausible grounds to infer;" that is, the rule "does not impose

a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise

a reasonable expectation that discovery will reveal evidence of" the necessary element(s).  *Id.*

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in

the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all

factual allegations in the light most favorable to the plaintiff.  *Brower v. County of Inyo*, 489 U.S.

593, 598 (1989).  To succeed on a motion to dismiss under Rule 12(b)(6), therefore, a defendant

must demonstrate that the plaintiff has failed to give sufficient notice of a proper claim and the

grounds upon which that claim rests.

### III.  DISCUSSION

#### A.      Count 1

The Sales Representative's Commission Contracts statute, Ala. Code § 8-24-1, *et seq.*,

provides for treble damages, attorneys' fees, and costs for a "principal's" failure to pay

commissions due to a "sales representative" under an agreement.  A "sales representative" is

"[a]ny person who engages in the business of soliciting, on behalf of a principal, orders for the

purchase <u>at wholesale</u> of the product or products of the principal, but does not include a person

who places orders or purchases for his or her own account for resale, or a person engaged in

home solicitation sales." Ala. Code § 8-24-1(3) (emphasis added).  In relevant part, a "principal"

is any person who "[e]ngages in the business of manufacturing, producing, importing, or

distributing a product or products for sale to customers who purchase the product or products <u>for</u>

<u>resale</u>." Ala. Code § 8-24-1(2) (emphasis added).

Defendants argue that none of them "fits the definition of *Principal*."  At this stage of the

proceedings, the court has no evidence regarding Defendants' business activities.  The relevant

question on a motion to dismiss is instead whether the Plaintiff's complaint has <u>alleged</u> "any set of facts" to suggest each element required to maintain this cause of action.  It has not.  Plaintiff alleges that Defendants provide products to at least one nuclear plant.  The complaint includes no allegation that the nuclear plant(s) purchases the products for <u>resale</u>.  In fact, the only reasonable inference from Plaintiff's factual allegations as pleaded is that the nuclear plant is the end-user of the products.  Because Plaintiff has not alleged facts even suggesting that any of the Defendants is a principal engaged in <u>wholesale</u> transactions, the court must dismiss Count 1.  *See RMC & Assocs. v. Beasley*, 958 So. 2d 879, 883 (Ala. Civ. App. 2006) (holding that this statute applies only to wholesale sales).

   **B.   Count 2**

   The pleading standard for claims of fraud is elevated above the typical Rule 8(a) standard: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To satisfy this requirement, a plaintiff must state: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

   Here, Plaintiff has generally alleged that the Pendletons misrepresented information about "sales commissions," "pricing," and "products sold."  Plaintiff has not identified with any particularly the time and place of such statements, the contents of the statements, the manner in

which Plaintiff was misled, or what the Pendletons obtained as a result of the alleged fraud. Plaintiff identifies the <u>date</u> of <u>one</u> letter that was allegedly misleading, but fails to specify the particular nature of the misleading statements.  In fact, in its opposition brief, Plaintiff simply argues that its allegation that the letter was misleading "must be taken as true . . . and the specifics of the letter will be borne out in discovery."  Rule 9(b) is a <u>pleading</u> requirement that must be met <u>before</u> discovery, and Plaintiff has failed to satisfy it.  Count 2 must be dismissed.

### C.    Count 3

Relying on *Southtrust Bank v. Donely*, 925 So. 2d 934 (Ala. 2005), Defendants argue that Plaintiff cannot state a conversion claim for failure to pay an obligation due under a contract.  In *Donely*, the plaintiff alleged conversion against a bank for its refusal to pay funds due on a certificate of deposit.  Noting that "an action alleging conversion of money lies only where there is an obligation to deliver the specific pieces of the money in question or money that has been specifically sequestered, rather than a mere obligation to deliver a certain sum," the Alabama Supreme Court held that failure to pay an amount due on a certificate of deposit is a breach of contract, but not conversion.  *Donely*, 925 So. 2d at 940, 942 (quoting *Johnson v. Life Ins. Co. of Ala.*, 581 So. 2d 438, 443 (Ala. 1991)).

Under *Donely* and other cases, a conversion claim <u>generally</u> will not lie for monies due under a contract, but if the monies are "capable of identification," then a conversion claim is proper.  *See Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1163 (Ala. 2003) (quoting *Campbell v. Naman's Catering, Inc.*, 842 So. 2d 654, 659 (Ala. 2002)). Specifically, "the courts are not confronted so much with a particular piece of money, *i.e.*, a coin or a bill, but with <u>identified or segregated</u> sources from which money has come or types of accounts into which money has been deposited." *Id.* at 1164 (quoting *Campbell*, 842 So. 2d at

659-60) (emphasis added).  Thus, identifiable or segregated monies, even if due under a contract, can be subject to conversion claims.

The parties did not cite, and this court could not find, an Alabama case applying these principles to allegedly unpaid commissions.  The court notes, however, that commissions are usually "a percentage of the money received from the transaction."  *Black's Law Dictionary* 264 (7th ed. 1999).  As such, commissions may be a portion of <u>specific</u> funds transferred from each customer.  Consequently, this court concludes that Plaintiff adequately pleaded conversion, although discovery may demonstrate that the funds were treated differently.  *See Bill Marek's The Competitive Edge, Inc. v. Mickelson Group, Inc.*, 806 N.E.2d 280, 286 (Ill. App. Ct. 2004) (holding that funds were "identifiable" where "the amount defendant converted in this case was not a portion of its own assets that defendant was obligated to use to satisfy a debt to plaintiff . . . [but instead] were the specific funds transferred to defendant from an outside source").  At this time, the court will DENY the motion to dismiss this claim, and Count 3 will proceed.

## IV.  CONCLUSION

For the reasons stated above, the court will GRANT IN PART and DENY IN PART Defendants' motion to dismiss.  Specifically, the court concludes that Plaintiff has failed to state a claim in Count 1, and has failed to plead fraud with particularity in Count 2.  Accordingly, Counts 1 and 2 will be DISMISSED WITHOUT PREJUDICE to replead.  Any amended complaint must be filed by **May 19, 2008**.  Count 3 will proceed at this time.  The court will enter a separate order consistent with this memorandum opinion.

DATED this 29th day of April, 2008.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE